JING SHOU JIANG, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 06–2853–ag.

United States Court of Appeals, Second Circuit.

March 20, 2007.

Oleh R. Tustaniwsky, Hualian Law Offices of New York, LLC, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Sarah Maloney, Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Shou Jiang, a citizen of the People's Republic of China, seeks review of a May 25, 2006 order of the BIA affirming the November 22, 2004 decision of Immigration Judge ("IJ") Annette S. Elstein denying Jiang's applications for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Shou Jiang*, No. A 96 265 553 (B.I.A. May 25, 2006), *aff'g* No. A 96 265 553 (Immig. Ct. N.Y. City Nov. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 326–27 (2d Cir.2006). Jiang argues that the IJ and BIA violated his due process rights by pretermitting his asylum application based on an unreliable consular report. While this Court has not foreclosed such a constitutional claim, *see Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 269 (2d Cir.2006), the use of the consular report in this case was neither fundamentally unfair nor unconstitutional. The report, signed by DHS Special Agent Liu and her supervisor, provided indicia of reliability, including identification of the steps used to reach its conclusion. *Cf. id.* at 270–72 (concluding that a report's reliability was undermined because it did not lay a foundation for its conclusion by reciting the factual steps taken in the investigation). Moreover, Jiang did not object to the admission of the report and had sufficient opportunity, lasting more than one year, to rebut its claims. Indeed, Jiang apparently conceded the report's conclusion that there were problems with the disease certificate that he had submitted to the immigration court. Because the report satisfies our requirements for "reliability and trustworthiness," *id.* at 268, Jiang's due process challenge fails.

Jiang also challenges the denial of his withholding of removal and CAT claims.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Overall, substantial evidence supports the BIA's and IJ's adverse credibility determinations. The BIA and IJ reasonably relied on the consular report in finding that the credibility of Jiang's "entire claim" was undermined, when the report indicated that Jiang's disease certificate, which he attempted to use to prove that he was in China prior to the expiration of his one-year period for filing his asylum claim, was fabricated. The IJ reasonably relied upon the consular report because it was issued based on investigations with Chinese officials who had no motive to conceal their or the government's dealing with the petitioner, *see Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 269–72 (2d Cir.2006), Jiang did not object to the admission of the consular report, and his wife conceded in her letter that there might be something "wrong" with the disease certificate.

The IJ also reasonably rejected Jiang's rebuttal evidence, including Jiang's testimony, his wife's May 2004 letter, and the July 2002 disease certificate. The record supports the IJ's finding that Jiang's testimony regarding the treatment he received at a hospital in August 2002 was confusing and "less than credible." *See Zhou Yun Zhang*, 386 F.3d at 73–74 (indicating that a fact-finder who assesses testimony together with demeanor is in the best position to evaluate the witness). Additionally, while Jiang's wife explained that

a friend had obtained the reissued disease certificate when the original certificate could not be found—and therefore she and Jiang had no intention or awareness of any deception that might have occurred concerning it—neither the IJ nor the BIA was required to credit this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

The record also supports the IJ's finding that the letter from Jiang's pastor did not corroborate that Jiang had attended an underground church. Such a failure to corroborate Jiang's testimony bears on his credibility because the absence of corroboration in general makes him unable to rehabilitate the testimony that had already been called into question by his submission of a false document. *See Zhou Yun Zhang,* 386 F.3d at 78. Finally, the IJ accurately identified an inconsistency between Jiang's wife's indication that she was present when government officials attempted to apprehend Jiang in July 2002, and Jiang's testimony that his wife was not present. The IJ was not obliged to accept Jiang's explanation that the discrepancy was caused by his wife's lack of education. *See Majidi,* 430 F.3d at 80–81.

Because the only evidence of a threat to Jiang's life or freedom, or that he was likely to be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED. The pending request for oral argument in this petition

is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).